1  **ADAM S. HAMBURG, Bar No. 247127**
   ahamburg@pnbd.com
2  **PRENOVOST, NORMANDIN, BERGH & DAWE**
   **A Professional Corporation**
3  **2122 North Broadway, Suite 200**
   **Santa Ana, California 92706-2614**
4  **Phone No.:    (714) 547-2444**
   **Fax No.:      (714) 835-2889**
5        **7873.0128**

6  Attorneys for AUTOMOTIVE FINANCE CORPORATION,
   an Indiana corporation

7

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10

11 GREAT AMERICAN INSURANCE COMPANY, )   Case No. 1:09 -CV-00512-AWI-GSA
   an Ohio corporation,                            )
12                                                  )
                     Plaintiff,                     )   **STIPULATION FOR RELEASE OF FUNDS**
13                                                  )   **AND DISMISSAL; AND ORDER THEREON**
   vs.                                              )
14                                                  )
   HACIENDA MOTORS, INC., a California )
15 corporation; JAMIE SALAZAR, JR., an )
   individual; TERESA SALAZAR, an individual; )
16 AUTOMOTIVE FINANCE CORP., an Indiana )
   corporation; FOREMAN FINANCIAL, INC., a )
17 California corporation; KERN SCHOOLS )
   FEDERAL CREDIT UNION, a California )
18 corporation; LOBEL FINANCIAL, a California )
   corporation; NISSAN OF BAKERSFIELD, a )
19 California corporation; PREMIER AUTO )
   CREDIT, a California corporation; CALIFORNIA )
20 DEPARTMENT OF MOTOR VEHICLES, a state )
   agency; and DOES 1-10, inclusive, )
21                                                  )
                     Defendants.                    )
22 _____ )

23          THIS STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL ("Stipulation") is made by

24 and among GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation ("GAIC");

25 AUTOMOTIVE FINANCE CORPORATION, an Indiana corporation ("AFC"); LOBEL FINANCIAL

26 CORPORATION, a California corporation ("LOBEL"); NISSAN OF BAKERSFIELD, a California

27 corporation ("NISSAN"); and the CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, (the

28 "DMV")(collectively the "Parties") as follows:

1
**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

1      **1.    RECITALS**.

2      1.1    Whereas, disputes have arisen between the Parties to this Stipulation which are reflected in

3  the Complaint in Interpleader filed in the United States District Court, Eastern District of California as case

4  number 1:09-cv-00512-AWI-GSA by Plaintiff GAIC, which alleged, among other things, that AFC, LOBEL,

5  NISSAN and the DMV, have made claims against that certain Dealer Surety Bond # FS9162220 ("Bond")

6  issued by GAIC pursuant to the California *Vehicle Code* § 11710 *et seq*., in which HACIENDA MOTORS,

7  INC. is named as principal.   The allegations of the Complaint are incorporated by reference herein for

8  informational purposes only.

9      1.2    Whereas each Party to this dispute has denied, and continues to deny, the material allegations

10  and claims of the other Parties against it.

11      1.3    Whereas, the Bond amount is $50,000.00.

12      1.4    Whereas, the Parties agree that GAIC is entitled to recover its attorney's fees and costs

13  from the Bond corpus pursuant to *Code of Civil Procedure* § 386.6, and has incurred attorney's fees and

14  costs in the amount of $5,180.50.   After deducting GAIC's fees and costs, the balance remaining on the

15  Bond is $44,819.00.

16      1.5    Whereas, AFC's claim is in the amount of $10,594.86;

17      1.6    Whereas, LOBEL's claim is in the amount of $7,485.02;

18      1.7    Whereas, NISSAN's claim is in the amount of $7,100.00; and

19      1.8    Whereas, the DMV's claim is in the amount of $773.00.

20      1.9    Whereas, all other claimants have either been defaulted or dismissed from the action, and

21  GAIC has been discharged and excused from further participation in this matter.

22      1.10    Whereas, this Stipulation is entered into by the Parties for the sole purpose of resolving the

23  First Cause of Action in Interpleader and the Seventh Cause of Action for Declaratory Relief.   As such,

24  nothing in this Stipulation shall affect the claims of indemnity by GAIC against remaining defendants Jamie

25  Salazar, Jr. and Teresa Salazar.   Upon the execution of the attached Order, the Parties agree that the First

26  and Seventh Causes of Action shall be dismissed with prejudice as to the Parties only.

27      **2.    NOW, THEREFORE, IN VIEW OF THE FOREGOING AND FOR GOOD AND**

28  **VALUABLE CONSIDERATION, THE RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED,**

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

**THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

2.1    Each party hereto agrees and stipulates that the balance of the Bond shall be paid and released to the Parties and to no others in full satisfaction of each's Bond claim as follows:

a.    AFC shall receive shall receive $10,594.86, which represents the entire amount of its claim;

b.     LOBEL shall receive $7,485.02, which represents the entire amount of its claim;

c.    NISSAN shall receive $7,100.00, which represents the entire amount of its claim; and

d.    DMV shall receive $773.00, which represents the entire amount of its claim.

e.    The remaining $18,866.62 of the Bond corpus shall be returned to GAIC.

2.2    Upon distribution of the Bond proceeds, the Parties hereto further stipulate and agree that the Parties named in the First Cause of Action in Interpleader shall be dismissed from the action with prejudice.

2.3    The Parties agree that with the exception of GAIC,  each party shall bear its own attorney's fees and costs in the litigation.

2.4    This Agreement is entered into by the Parties solely for the purpose of settling the Bond claims described in the Complaint.  It does not constitute, nor shall it be construed as an admission by any Party of the truth or validity of any allegations asserted.

**3.    RELEASE OF CLAIMS.**

3.1    For valuable consideration, receipt of which is hereby acknowledged, each of the Parties and their respective successors, assigns, agents, directors, officers, employees, representatives and attorneys hereby fully and expressly release and discharge the others and their respective successors, assigns, agents, directors, officers, employees, representatives and attorneys from all liability for all present and future rights, claims, demands and actions, known or unknown, any of them now have, or may hereafter have, against the other arising out of the disputes described above.  Additionally, the Parties, expressly acknowledge and agree that none of them would enter into this Stipulation but for the representation and warranty of the other that they are releasing any and all claims of any nature whatsoever, whether statutory or at common law, which any of them may believe any of them now has or could assert directly or indirectly against the other arising out of the circumstances alleged in the Complaint in Interpleader.

3.2    The Parties hereto acknowledge that they may hereafter discover facts different from or in addition to those now known or believed to be true with respect to the disputes and differences

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

which lead to the execution of this Stipulation.  The Parties agree that this Stipulation shall be, and remain, effective in all respects for all purposes, notwithstanding any such different or additional facts.

      3.3     This Stipulation is entered into by the Parties solely for the purpose of settling the matters in dispute.  It does not constitute, nor shall it be construed as an admission by any party of the truth or validity of any claims asserted.

      3.4     The Parties, in executing this Stipulation, do not rely on any inducements, promises or representations made by the other party or their above-named successors or attorneys except as set forth herein.

      3.5     THE UNDERSIGNED ACKNOWLEDGE THAT THEY HAVE BEEN ADVISED BY THEIR RESPECTIVE LEGAL COUNSEL AND ARE FAMILIAR WITH THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542, WHICH PROVIDES AS FOLLOWS:

      "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

THE UNDERSIGNED, BEING AWARE OF SAID CODE SECTION, HEREBY EXPRESSLY WAIVES ANY RIGHTS THEY MAY HAVE THEREUNDER, AS WELL AS UNDER ANY OTHER STATUTES OR COMMON LAW PRINCIPLES OF SIMILAR EFFECT.

      3.6     Each Party and each's respective successors, assigns, agents, directors, officers, employees, representatives and attorneys hereby fully and expressly release and discharge one another and each's respective successors, assigns, agents, directors, officers, parent company, affiliates, subsidiaries, employees, representatives and attorneys from all liability for all present and future rights, claims, demands and actions, known or unknown, either of them now have, or may hereafter have, against one another arising out of the Complaint.

      3.7     The Parties hereto expressly state that the release described above shall inure to the benefit of the successors and assigns of one another and shall be binding upon the successors and assigns of one another.

///

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

**4.     THE PARTIES FURTHER REPRESENT, WARRANT AND COVENANT AS FOLLOWS:**

4.1     Each individual who is a signatory to this Stipulation warrants that he/she has the authority to enter into this Stipulation on behalf of himself or the legal entity that is a party to the Stipulation.  In the event that the party is a corporation, he/she represents that he/she is an authorized agent of the corporation and further, that the corporation has complied with all corporate formalities necessary to bind the corporation to the terms of this Stipulation.

4.2     Each Party to this Stipulation acknowledges that it has executed this Stipulation freely and that no claims or inducements have been extended to any of  them to execute this Agreement except as otherwise set forth herein.

4.3     Each Party to this Stipulation acknowledges, warrants and represents that none of them has assigned its claim hereunder to any other third person or entity at or before the time of execution of this Stipulation.

4.4     Each Party to this Stipulation represents and understands that she/it has carefully read the Stipulation and understands the contents thereof, and agrees to the terms of this Stipulation without reservation of any kind.

4.5     Each Party has received or had the opportunity to receive independent legal advice from its attorneys, with respect to the advisability of making this transaction provided for herein, with respect to the advisability of executing this Stipulation.

4.6     This Stipulation shall be binding upon and inure to the benefit of the heirs, personal representatives, successors or assigns of the parties hereto.

4.7     This Stipulation constitutes the entire contract between the Parties and cannot be modified or supplemented except in writing.  Further, the terms of this Agreement shall supersede all prior or contemporaneous communications, verbal or written, on the subject matter of this Agreement.

4.8     This Stipulation shall be governed and construed according to the law of the State of California, and the parties hereto agree to submit to the jurisdiction of the Courts thereof.

4.9     The obligations, representations, warranties and other terms and conditions hereof, shall survive the termination of this Stipulation, and shall be enforceable thereafter.

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

4.10    Each provision of this Stipulation shall be severable from each other provisions of this Stipulation for the purpose of determining the legal and enforceability of each provision.

4.11    This Stipulation may be executed and delivered in any number of counterparts, each of which, when executed and delivered, shall be original, and all of which together shall constitute the same Agreement.   The parties agree that facsimile signatures shall be deemed the originals, and shall be fully enforceable upon execution of all parties hereto.

4.12    The prevailing Party in any action or proceeding to interpret or enforce this Stipulation, or any of its terms, shall be entitled, in addition to any judgment or award upon such action or proceeding, to an award for all costs and expenses, including court costs and attorney's fees.


DATED:                                       **AUTOMOTIVE FINANCE CORPORATION**


                                             By_____


DATED:                                       **GREAT AMERICAN INSURANCE COMPANY**


                                             By_____


DATED:                                       **LOBEL FINANCIAL CORPORATION**


                                             By_____


DATED:                                       **CALIFORNIA DEPARTMENT OF MOTOR VEHICLES**


                                             By_____

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

1    DATED:                              **NISSAN OF BAKERSFIELD**

2

3                                        By_____

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

# ORDER

**IT IS HEREBY ORDERED** that the Clerk of the Court shall disburse the balance of the Bond now deposited with this Court as follows:

1.　　$5,180.50 payable to Great American Insurance Company for its attorney's fees and costs.

2.　　$ 10,594.86 payable to the Automotive Finance Corporation.

3.　　$ 7,485.02 payable to Lobel Financial Corporation.

4.　　$ 7,100.00  payable to Nissan of Bakersfield.

5.　　$ 773.00 payable to the California Department of Motor Vehicles.

6.　　The remaining $18,866.62 shall be returned to Great American Insurance Company by a separate check..

**FURTHER, IT IS HEREBY ORDERED** that the interest accrued on the balance of the Bond now deposited with the Court shall be disbursed evenly amongst Automotive Finance Corporation, Lobel Financial Corporation and Nissan of Bakersfield.

**FURTHER, IT IS HEREBY ORDERED** that Great American Insurance Company is discharged from further liability on the motor vehicle dealer bond FS9162220 filed on behalf of Hacienda Motors, Inc. and is hereby exonerated.

Disbursement checks shall be mailed care of each party's attorney of record, or to the party directly if the party has appeared in pro se. Upon disbursal, the First Cause of Action in Interpleader and Seventh Cause of Action for Declaratory Relief shall be dismissed with prejudice as to the Parties to this Stipulation Agreement only.

IT IS SO ORDERED.

**Dated:　　September 16, 2009**　　　　　　　　　**/s/ Anthony W. Ishii**
　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**