# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation,<br><br>               Plaintiff,<br><br>vs.<br><br>HACIENDA MOTORS, INC., a California corporation; JAMIE SALAZAR, JR., an individual; TERESA SALAZAR, an individual; AUTOMOTIVE FINANCE CORP., an Indiana corporation; FOREMAN FINANCIAL, INC., a California corporation; KERN SCHOOLS FEDERAL CREDIT UNION, a California corporation; LOBEL FINANCIAL, a California corporation; NISSAN OF BAKERSFIELD, a California corporation; PREMIER AUTO CREDIT, a California corporation; CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, a state agency; and DOES 1-10, inclusive,<br><br>               Defendants. | Case No. 1:09 -CV-00512-AWI-GSA<br><br>**ORDER DIRECTING CLERK TO ENTER DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF AGAINST DEFENDANTS JAIME SALAZAR AND TERESA SALAZAR**<br><br>[Documents # 40 & 41] |

      On August 13, 2009, Plaintiff Great American Insurance Company ("Great American") filed a request for an entry of default against Defendants Jaime Salazar ("Jaime") and Teresa Salazar ("Teresa") for failure to respond or appear in this action. On August 14, 2009, the Clerks Office entered an entry of default as to Jaime and Teresa for failing to appear, plead, or answer. On August 20, 2009, Great American filed an application for an entry of default judgment in the amount of $50,000.00 against Defendants Jaime and Teresa. See Court's Docket Doc. Nos. 40 and 41.

      Rule 55(b)(1) provides that:

"if a plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for the amount and costs against a defendant who has been defaulted for not appearing..."

Fed. R. Civ. P. 55(b)(1); see also Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 927-28 (9th Cir. 2004).  Here, the default judgment against Defendants Jaime and Teresa is appropriate because there has been an entry of default and Plaintiff's claim is for a sum certain.  Plaintiff has presented the clerk with declarations that set forth the sum certain of $50,000.00 owed by Jaime and Teresa pursuant to an indemnity agreement between Plaintiff and Jaime and Teresa.  Plaintiffs have attached the signed indemnity agreement as an exhibit to the declarations.

Accordingly, **IT IS HEREBY ORDERED** that the Clerk is directed to enter a default judgment in favor of Plaintiff Great American against Defendants Jaime Salazar and Teresa Salazar in the total amount of $50,000.00.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

**Dated:   September 16, 2009**            /s/ Anthony W. Ishii
                                                    CHIEF UNITED STATES DISTRICT JUDGE